## Basom v. Rosser et al.

*Hurwitz, Klein, Meyers & Benjamin*, for plaintiff.

*Metzger, Wickersham & Knauss* and *James S. Bowman*, Assistant Solicitor, City of Harrisburg, for defendants.

SOHN, J., July 18, 1955.—On January 6, 1955, individual defendant in this case, Robert Rosser, served notice upon plaintiff that he desired, in pursuance of Pa. R. C. P. 4007, to take the oral depositions of plaintiff. The notice provided:

"The subject matter of the deposition will cover plaintiff's version of all relevant facts surrounding his

cause of action, his knowledge of the work being performed by the defendant, his measure of damages, names and addresses of all witnesses of which he or his counsel has knowledge. All these topics are relevant to the subject matter involved in this action and none of them are privileged. The discovery will substantially aid me in preparation for trial and will not violate any of the restrictions of Pa. R. C. P. 4011.

"This action on the part of the defendant will run hand in hand with the interrogatories propounded to defendant by the plaintiff."

On February 8, 1955, plaintiff moved for a protective order under Pa. R. C. P. 4012(a). The relief demanded by the plaintiff was set forth as follows:

"a. That said oral deposition as to the manner of the happenings of the accident, his knowledge of the work and progress of the work performed by the defendant, his evidence as to the proof of defendant's alleged negligence and matters going to the possible contributory negligence of the plaintiff, shall not be allowed.

"b. That the matters as to his damages be inquired into by means of written interrogatories.

"c. That the matter of the names and addresses of all witnesses be inquired into by means of written interrogatories."

The reasons given for the requested order were as follows:

"a. Defendant is not entitled to a trial by deposition in advance and in preparation for trial in court.

"b. The elements of damages have been set forth in the complaint filed; and any additional information needed to aid the defendant in the trial of the case can be more readily set forth by way of written interrogatories."

In the complaint as originally filed, it was alleged that plaintiff on October 2, 1951, fell into an open ditch

excavated and dug by defendant in Forster Street, and that the excavation or trench or ditch went across the intersection of Forster and Penn Streets, which were both public thoroughfares in the City of Harrisburg, Pa. It was further alleged that on or before October 2, 1951, and for a long time prior thereto, defendant allowed the trench to remain in a dangerous and hazardous condition to the lawful users of Forster Street and Penn Street, by not giving notice of its existence by means of barricades, lights or other feasible warnings. The accident was alleged to have happened between the hours of 7 and 8 p.m. Paragraph 5 of the complaint avers that plaintiff fell "while walking in a careful, prudent and lawful manner in a southerly direction on the west side of Penn Street and directly across Forster Street, . . ."

In answer to the written interrogatories proposed by plaintiff to defendant, defendant answered that he started construction of the storm sewer, which was laid in the ditch complained about here, on or about September 24, 1951, at Front Street, in an area formerly occupied by houses demolished by one Sonentino, *which area was south on the southern building line of old Forster Street*. In his answer to paragraph 5, subsection (c), of the interrogatories, defendant says:

"No part of this sewer was constructed between the curb lines of old Forster Street as the entire construction took place south of the building line on the south side of Forster Street in the area formerly occupied by the houses which had been removed. This 'storm sewer' passed through the former intersection of Penn Street and old Forster Street taken over and vacated by the Commonwealth of Pennsylvania as described in answer to interrogatory no. 4."

Subsection (d) of answer 5 goes on to say:

"The 'storm sewer' ditch is indicated upon the plans referred to in answer no. 6 on sheets 4 and 6 by a heavy, white, broken line and *is located immediately under the concrete and earth divisor, with 45 feet of highway on each side.* These plans also show the curb and building lines of *old* Forster Street. *They show that the 'storm sewer ditch' located south of the building line of old Forster Street from Front to Third Streets and immediately opposite Penn Street.* They show the vacation of the intersection of Penn Street and old Forster Street and the construction of the 'storm sewer' and divisor on and prior to October 2, 1951, so as to prohibit the passage of traffic on Penn Street directly across new Forster Street." (Italics supplied.)

If these pleadings are correct, then we have plaintiff saying on record that he fell into the ditch while walking in a careful, prudent and lawful manner in a southerly direction on the west side of Penn Street and directly across Forster Street. The answers to the interrogatories filed by plaintiff, however, indicate that the ditch into which plaintiff fell was not located at the intersection of old Forster Street and Penn Street, but on the contrary was somewhere south of the southern building line of old Forster Street, where houses had been demolished by another contractor. This being so, it becomes important to know just exactly where plaintiff fell into the ditch and the question becomes important as to whether or not he was in a region where he should not have been and bears on the question of his contributory negligence. Defendant has fully answered the interrogatories of plaintiff, has indicated where plaintiff may obtain plans, drawings and pictures of the whole locality where this accident is alleged to have happened and, inasmuch as plaintiff has complained that there were no warning signs or

barricades set up warning him not to trespass in the locality, it seems only fair that defendant be advised in advance of trial as to plaintiff's knowledge of the locality and any dangers which must have been apparent to him. It is apparent from the pleadings here that the parties do not have equal knowledge and do not deal on equal terms.

We are mindful of the fact that it is not the purpose of the Discovery Rules to provide a script for the trial or to permit trial by deposition: Viscusi v. Pidgeon, 80 D. & C. 574; Barlow v. Waples et al., 82 D. & C. 1; Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383, and Pollock v. Simon, 85 D. & C. 118. The situation which arose in this case was caused by the relocating and enlarging of Forster Street in its entirety opposite the M. Harvey Taylor Bridge over the Susquehanna River, from Front Street eastwardly to Third Street. The entire street was torn up, relaid and relocated, and all of the old houses and landmarks on the south side of old Forster Street have disappeared. This, in the face of the conflicting pleadings in this case, has made it very difficult to determine just where plaintiff says he fell into the ditch. We feel that no hard and fast rule can be laid down as to what must be disclosed under the Discovery Rules, but that each case must be determined upon its own particular facts as they appear in the pleadings. The court is very familiar with this particular highway improvement and the various stages of its development. This includes the barricades which were set up, the piles of dirt which resulted from the excavation, and the general layout of the whole terrain. Defendant has given the names of several witnesses who have knowledge of the accident in his answers to plaintiff's interrogatories, but there is no averment anywhere that defendant has any eye-witness or witnesses to the acci-

636

dent. Plaintiff, on the other hand, must know where he fell. Plaintiff has said on the west side of Penn Street at its intersection with Forster Street. Defendant has answered the interrogatories by saying that at the time of the accident the ditch was entirely south of this point, even south of the building line of old Forster Street. We feel that it is important to both plaintiff and defendant to have this matter cleared up before trial, and that plaintiff should pin-point with particularity just where he fell on the plans, diagrams and photographs made available by defendant. In view of what defendant has said in his answers to the interrogatories, we likewise feel that plaintiff should now disclose what knowledge he had of the improvement prior to the accident, including his knowledge of the barricades and warning signs, the street lights, the piles of dirt and other features of the terrain at the time, as well as to why he was at the place of his injury. We, therefore, make the following

### Order

And now, July 18, 1955, it is hereby ordered and directed that plaintiff disclose to defendant in writing, pursuant to written interrogatories propounded to him by defendant, full particulars as to the exact point on defendant's drawings, blueprints and photographs where he fell into the excavation dug by defendant, his previous knowledge regarding the existence of the same, what barricades or evidences he saw as to the existence of the same and as to any lights nearby, and why he was walking at the place of injury. The measure of damages has been well set forth in the complaint, and if any further information in connection therewith is required by defendant, plaintiff shall furnish said information. The names and addresses of all witnesses of which plaintiff or his counsel have knowledge shall also be furnished defendant in writing.